Robert DURALL, Petitioner–Appellant,

v.

Kenneth QUINN, Superintendent, WSRU, Respondent–Appellee.

No. 07–35756.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Jan. 13, 2009.

Jeff Ellis, Steven Witchley, Ellis, Holmes & Witchley, PLLC, Seattle, WA, for Petitioner–Appellant.

Ronda Denise Larson, Esquire, AGWA, Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: GOULD, TALLMAN, and CALLAHAN, Circuit Judges.

by 9th Cir. R. 36–3.

MEMORANDUM *

Robert Durall appeals the district court's denial of his habeas corpus petition. We have jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291, and we affirm.

Durall first contends the state court erred when it failed to apply a presumption of prejudice to his claim of improper juror contact. We assume, without deciding, that the presumption of prejudice would apply in this case. *See United States v. Rutherford,* 371 F.3d 634, 643 (9th Cir.2004). Because the state courts applied a contrary standard, we review *de novo. Caliendo v. Warden of Cal. Men's Colony,* 365 F.3d 691, 698 (9th Cir.2004). The record convinces us the government has rebutted the presumption of prejudice. *United States v. Simtob,* 485 F.3d 1058, 1064 (9th Cir.2007). The trial court's remedial measures following an evidentiary hearing rendered the improper contact harmless beyond a reasonable doubt. *United States v. Dutkel,* 192 F.3d 893, 899 (9th Cir.1999).

Durall next contends his counsel was ineffective because he altered an evidentiary agreement between Durall and the state without Durall's consent. Even if counsel's performance was deficient, Durall has failed to show prejudice arising from the alteration. He cites to no evidence supporting the conclusion that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Kimmelman v. Morrison,* 477 U.S. 365, 384, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The failure to point to such evidence also forecloses Durall's request for an evidentiary hearing. *See Houston*

---

* This disposition is not appropriate for publication and is not precedent except as provided

*v. Schomig,* 533 F.3d 1076, 1083 (9th Cir. 2008); *Earp v. Ornoski,* 431 F.3d 1158, 1167 (9th Cir.2005).

Finally, Durall argues *Blakely v. Washington,* should apply retroactively to invalidate his upper-term sentence. This argument is foreclosed by *Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir.2005).

Based upon our independent review of the record, we conclude that the state court's decision rejecting Durall's claims was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. 28 U.S.C. § 2254(d).

We construe Durall's briefing of uncertified issues as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

AFFIRMED.